## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MICHAEL SIBLEY,**

    **Plaintiff,**

    **v.**                            **CASE NO.  23-3177-JWL**

**WALMART, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff is in custody at the Saline County Jail in Salina, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis. On August 9, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's responses (Docs. 12, 14).

Plaintiff sues Walmart and Jaydon, a Motorola representative.  Plaintiff claims that Walmart "failed to be transparent about there [sic] tracfone line of phones."  (Doc. 5, at 2.) Plaintiff claims that there is an "ease at which these phones can be compromised (cloned/mirrored)."  *Id*.  Plaintiff claims that this violates people's privacy and compromises their information.  *Id*.  Plaintiff claims that these phones are used in a way that puts individual's lives and well-being in jeopardy.  *Id*.

Plaintiff claims cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff claims he was stalked by people that had access to Defendant's "straight talk (Trac Fone)."  *Id*. at 3.  Plaintiff claims that "[u]pon check out Walmart knowingly activated this portal."  *Id*.  Plaintiff claims that he brought this to the attention of a Walmart manager and was

told "why don't you get a phone from somewhere else then." *Id*. at 5.  Plaintiff seeks $5,000,000 in compensatory damages and $50,000,000 in punitive damages.  *Id*.

Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment. The Court found in the MOSC that federal courts are courts of limited jurisdiction, and "reference to Constitutional provisions, in and of themselves, does not confer subject matter jurisdiction upon a district court." *Bell v. Jeffrey "Jack" Gordon, P.A.*, 2018 WL 6656772, at *2 (M.D. Fla. 2018) (citing *Nalls v. Countrywide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008)).  To the extent Plaintiff asserts a claim under 42 U.S.C. § 1983, his claim fails as a matter of law because the named defendants are not state actors.  Plaintiff has not shown that either defendant was acting under color of state law as required under § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable under § 1983 and does not plead that the defendants acted under color of state law.  Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to  provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

The Court also found that Plaintiff's claims consist of conclusory allegations and fail to state a claim to relief that is plausible on its face.  A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

Plaintiff's responses fail to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff claims that he is attempting to carry his burden of proof with limited legal resources and limited knowledge of the law. (Doc. 12, at 1.) Plaintiff claims that his allegations are conclusory because the facts lie in the technology controlled by Defendants. (Doc. 14, at 1.) Plaintiff claims that it violates due process to decide his case prior to giving him an opportunity for discovery. *Id.*

The Court is required to dismiss a case "*at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). The Court did not require Plaintiff to prove his claims at this stage. In fact, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) and (2). However, as set forth in the MOSC, Plaintiff has failed to provide a ground for this Court's jurisdiction and has failed to provide a short and plain statement of his claim that is plausible on its face. Therefore, the Court dismisses this case without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

3

**IT IS SO ORDERED**.

**Dated August 30, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**